UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANTHONY AMAKER,

                      **Plaintiff,**

      **-v-**                                                                **10-CV-88(Sr)**

**BRIAN S. FISCHER, et al.,**

                      **Defendants.**

---

ANTHONY AMAKER,

                      **Plaintiff,**

      **-v-**                                                                  **10-CV-0464V(Sr)**

**BRIAN S. FISCHER, et al.,**

                      **Defendants.**

---

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to the assignment of 10-CV-88 to the undersigned to conduct all proceedings in this case, including the entry of final judgment. Dkt. #27.

10-CV-464 was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #9. It was subsequently transferred to the Hon. Lawrence J. Vilardo. Dkt. #69.

Currently before the Court is plaintiff's motion to consolidate the two actions. 10-CV-88 at Dkt. #30 & 10-CV-464 at Dkt. #68. A motion to dismiss (Dkt. #16) and motion to amend (Dkt. #28) are pending in 10-CV-88; 10-CV-464 is ready for a scheduling order following resolution of defendants' third motion to dismiss plaintiff's complaint. Dkt. # 65.

The proposed amended complaint in 10-CV-88 names defendants from the Elmira Correctional Facility ("Elmira"); Southport Correctional Facility ("Southport); and the Central Offices of the New York State Department of Corrections and Community Supervision, alleging, *inter alia*, claims of denial of due process during disciplinary hearings at Elmira in late 2009 and early 2010, following an ongoing dispute as to whether prison regulations allowed plaintiff to wear dreadlocks and claim Nation of Islam as his religion,[1] as well as denial of access to the courts and interference with personal and legal mail claims following his transfer to Southport. Dkt. #28-1.

10-CV-464 claims denial of due process during a disciplinary hearing on May 22, 2010 at the Wende Correctional Facility ("Wende"), following a dispute as to whether plaintiff was required to double bunk upon his arrival at Wende. Dkt. #57.

---

[1] In 06-CV-490, the Hon. William M. Skretny entered a Preliminary Injunction Order dated December 18, 2007, enjoining NYSDOCCS' defendants from punishing plaintiff for refusing to cut his hair or refusing to change his religious affiliation and from precluding plaintiff's attendance at Nation of Islam services and classes because of his dreadlocks. Dkt. #115. On June 23, 2010, the Hon. Richard J. Arcara made the preliminary injunction permanent and awarded plaintiff summary judgment on his cause of action alleging a violation of free exercise rights pursuant to the First Amendment of the United States Constitution. Dkt. #245.

In support of the motion, plaintiff argues that for purposes of analyzing atypical and significant hardship, the 155 days spent in disciplinary confinement from December 10, 2009 through May 14, 2010 as a result of the unconstitutional acts which occurred at Elmira should be considered together with the 165 days spent in disciplinary confinement from May 14, 2010 through October 26, 2010 as a result of the unconstitutional acts which occurred at Wende.  10-CV-464 at Dkt. #68.

Rule 42(a) of the Federal Rules of Civil Procedure provides that the court may consolidate actions which "involve a common question of law or fact."  A district court "has broad discretion to determine whether consolidation is appropriate," *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir.), *cert. denied*, 498 U.S. 920 (1990), and "can consolidate related cases under Federal Rule of Civil Procedure 42(a) *sua sponte*."  *Devlin v. Transportation Communications Int'l. Union,* 175 F.3d 121, 130 (2d Cir. 1999).

Consolidation should be prudently employed as a valuable and important tool of judicial administration, invoked to expedite trial and eliminate unnecessary repetition and confusion.  *Id.* at 130.  "In assessing whether consolidation is appropriate in given circumstances, a district court should consider both equity and judicial economy."  *Id.*  However, "efficiency cannot be permitted to prevail at the expense of justice – consolidation should be considered when savings of expense and gains of efficiency can be accomplished *without sacrifice of justice*."  *Id.* (internal quotation omitted).

Although "[o]verlapping disciplinary penalties may, under some circumstances, have to be aggregated for purposes of determining whether a liberty interest was violated," *Reynoso v. Selsky*, 292 Fed. Appx. 120 (2d Cir. 2008), those circumstances appear to require not only that plaintiff's SHU sentences be contiguous, but also that they were either imposed by the same disciplinary hearing officer or based on the same administrative rationale and executed under the same conditions. *Toliver v. Stefnik*, 9:12-CV-77, 2016 WL 3349316, at *8 (N.D.N.Y. June 15, 2016), *quoting Taylor v. Artus*, No. 9:05-CV-271, 2007 WL 4555932, at *8 (N.D.N.Y. Dec. 19, 2007) (collecting cases). As the rationale for the imposition of disciplinary confinement in the instant cases is distinct and the disciplinary hearings were conducted at two separate correctional facilities, even if defendants were to argue that plaintiff did not possess a liberty interest with respect to his confinement in SHU for 155 days at Elmira/Southport or his 165 days at Wende, it does not appear that aggregation would be appropriate. As a result, plaintiff's motion to consolidate is denied.

**SO ORDERED.**

DATED:   Buffalo, New York
         September 13, 2016

  s/ J. Kenneth Schroeder, Jr.
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**